UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LARME PRICE,

                         Petitioner,

       -against-

JAMES J. WALSH,
Superintendent, Sullivan Correctional Facility,

                         Respondent.
-------------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 2 7 2010 ★

BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

10-CV-4789 (SLT)

**TOWNES, United States District Judge:**

    On October 8, 2010, petitioner Larme Price, an inmate at Sullivan Correctional Facility, commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 (the "Petition"), seeking to challenge his 2004 conviction for murder in the first degree and other, lesser offenses. For the reasons set forth below, petitioner is directed to submit an affirmation, within thirty (30) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred.

## BACKGROUND

    On February 11, 2004, petitioner was convicted upon his plea of guilty in the Supreme Court of the State of New York, Kings County, of murder in the first degree, four counts of murder in the second degree, and two counts of attempted murder in the second degree. He was sentenced to life imprisonment without the possibility of parole. He appealed his conviction, principally challenging the length of his sentence. However, the Supreme Court of the State of New York, Appellate Division, Second Department, affirmed his sentence on February 14, 2005, People v. Price, 790 N.Y.S.2d 417, 15 A.D.3d 1017 (N.Y. App. Div. 2005), and petitioner's application for leave to appeal to the New York Court of Appeals was denied on June 14, 2005.



<u>People v. Price</u>, 5 N.Y.3d 767, 801 N.Y.S.2d 262 (N.Y. 2005). Petitioner did not seek a writ a certiorari from the United States Supreme Court.

Although the Petition indicates that petitioner filed at least one post-conviction motion in New York state court, petitioner does not allege that he filed any such motions until July 2008, almost three years after his judgment of conviction became final. Specifically, the Petition states that petitioner filed a motion pursuant to New York Criminal Procedure Law § 440.10 in New York Supreme Court on July 28, 2008, which was denied on September 16, 2009. <u>See</u> Petition ¶12(a). The Petition further states that petitioner filed a motion pursuant to N.Y. C.P.L.R. 2221 – a rule relating to motions for leave to renew or reargue a prior motion – with the Appellate Division on October 15, 2009, which was denied on January 20, 2010. <u>See</u> Petition ¶ 12(b).[1]

On October 8, 2010, petitioner commenced this action by delivering his Petition to the prison authorities for mailing. Petition at 6. That Petition alleges, <u>inter alia</u>, that petitioner was denied his constitutional right to effective assistance of trial counsel because his attorneys not only permitted, but "improperly induced," him to plead guilty while he was mentally incapacitated. <u>See</u> Petition at ¶13. In support of this allegation, petitioner attaches to his Petition, and quotes extensively from, a letter dated October 31, 2003, in which petitioner's trial counsel detailed petitioner's history of mental illness. However, the Petition does not contain

---

[1]Petitioner does not specifically allege that he appealed the denial of his §440 motion, but the temporal proximity between the denial of the §440 motion and the filing of the subsequent motion suggests that the latter motion may have been an attempt to appeal. In addition, while the Petition does not indicate whether petitioner appealed the Appellate Division's January 20, 2010, decision, this Court notes that on April 13, 2010, the New York Court of Appeals denied petitioner's application for leave to appeal an unspecified 2010 decision of the Appellate Division, Second Department. <u>People v. Price</u>, 14 N.Y.3d 843, 901 N.Y.S.2d 150 (N.Y. 2010).

any information concerning the duration of petitioner's alleged mental incapacity, or any other information explaining the lengthy delay in filing the instant Petition.

## DISCUSSION

### I. The Statute of Limitations relating to §2254 Petitions

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. See 28 U.S.C. §2244(d)(1). AEDPA provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If a "properly filed" application for State post-conviction or other collateral review with respect to the judgment of conviction was "pending" at any time during that one-year period, the time during which this application was pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

AEDPA's statute of limitations is not jurisdictional and may be equitably tolled. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) ("[L]ike all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases."); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (per curiam), cert. denied, 531 U.S. 840 (2000). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001), cert. denied, 535 U.S. 1017 (2002) (quoting Smith, 208 F.3d at 17). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S.Ct. at 2562 (internal quotations and citations omitted); see also Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." Acosta v. Artuz, 221 F.3d 117, 121 (2d Cir. 2000); see also Day v. McDonough, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition"). However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." Acosta, 221 F.3d at 125 (citing Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999) and Lugo v. Keane, 15 F.3d 29, 30 (2d Cir. 1994)).

## II. **Application of the Law to this Case**

According to the facts alleged by petitioner, the Petition was filed well after the one-year

statute of limitations expired. Petitioner's direct appeal ended on June 14, 2005, when the Court

of Appeals denied him leave to appeal. Since petitioner did not seek a writ of certiorari in the

United States Supreme Court, petitioner's judgment of conviction became final on September 12,

2005 – 90 days after the Court of Appeals denied leave to appeal. See Williams v. Artuz, 237

F.3d 147, 150-51 (2d Cir.), cert. denied, 534 U.S. 924 (2001). Unless 28 U.S.C. § 2244(d)(1)(B)-

(D) are applicable to this case – and there is nothing in the Petition to suggest that they are –

petitioner had one year from that date, until September 12, 2006, to file his petition for a writ of

habeas corpus pursuant to 28 U.S.C. §2254.

By the time petitioner first sought post-conviction relief on July 28, 2008, the statute of

limitations had already expired. Although the Petition and the letter attached thereto indicate that

petitioner may have been incapacitated in 2003, the Petition does not allege how long petitioner

remained medicated or in mental facilities. Accordingly, this Court cannot ascertain if there is

any basis for equitable tolling of the statute of limitations.

## **CONCLUSION**

For the reasons stated above, petitioner is directed to show cause by affirmation, within

thirty (30) days from the date of this Order, why the AEDPA statute of limitations should not bar

the instant petition.[2] See Day, 547 U.S. at 209-10; Acosta, 221 F.3d at 125. If petitioner wishes

to argue that 28 U.S.C. § 2244(d)(1)(B), (C), or (D) apply to this case, or that there is a basis for

equitably tolling the one-year statute of limitations, he shall state the facts supporting these

---

[2] An affirmation form is attached to this Order for petitioner's convenience.

argument(s) in his affirmation and shall attach thereto any documentary evidence he may have to support his statements. No response shall be required from respondent at this time and all further proceedings shall be stayed for thirty (30) days or until the petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.

SO ORDERED.


/SANDRA L. TOWNES
United States District Judge

Dated: October 26, 2010
Brooklyn, New York