UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LARME PRICE,

                              MEMORANDUM & ORDER

                        Petitioner,

     -against-                          10-CV-4789 (SLT)

WARDEN JAMES J. WALSH,

                        Respondent.
-------------------------------------------------------x
**TOWNES, United States District Judge:**

     Petitioner, Larme Price, proceeding *pro se*, brings this petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 against Warden James J. Walsh ("Respondent"), warden of the

Sullivan Correctional Facility where he is confined.[1]  Petitioner challenges his 2004 conviction

for murder in the first degree and other, lesser offenses.  For the following reasons, the petition is

dismissed as untimely.

### *Procedural History*

     On November 19, 2003, Plaintiff pleaded guilty in New York Supreme Court, Kings

County ("Kings County Supreme Court") before Justice Neil Jon Firetog, to shooting five

strangers, killing four of them, in four separate incidents that took place in February and March

2003.  (Dkt. No. 11, Ex. 3, 11/19/03 Tr. at 13:13-21:19.)  Petitioner was sentenced on February

11, 2004 to a term of life without the possibility of parole.  (Dkt. No. 11, Ex. 4, 2/11/04 Tr. at

7:5-19.)

     Petitioner filed an appeal in the New York Supreme Court , Appellate Division, Second

Department ("Second Department"), challenging the sentence as excessive.  The Second

Department issued an order affirming the sentence on February 14, 2005. *People v. Price*, 15

---

[1] Although Petitioner has not informed the Court that he has been moved from that facility, his
most recent submission to the Court is post marked from Greenhaven Correctional Facility.

A.D.3d 1017, 790 N.Y.S.2d 417 (2005). Petitioner's application seeking leave to appeal the

Second Department's decision to the New York Court of Appeals was denied on June 14, 2005.

*People v. Price*, 5 N.Y.3d 767, 834 N.E.2d 1272 (2005). Petitioner's conviction became final on

September 12, 2005 – 90 days after the Court of Appeals denied leave to appeal. No motions for

collateral review were filed in the year following the date that Petitioner's conviction became

final.[2]

By petition dated October 8, 2010, Petitioner commenced the instant action seeking relief

from a February 11, 2004 conviction for murder in the first degree, four counts of murder in the

second degree, and two counts of attempted murder in the second degree. (Pet. at ¶¶ 4-5.) By

Memorandum and Order dated October 26, 2010, this Court explained to Petitioner that his

§ 2254 petition appeared to be time barred under the one-year statute of limitation period

provided for in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28

U.S.C. § 2244(d)(1). (Dkt. No. 2 at 3-5.) Out of an abundance of caution, rather than dismiss

the petition, this Court directed Petitioner to submit an affirmation and "any documentary

evidence he may have to support his statements" explaining why the statute of limitations should

not apply, for example, if "there is a basis for equitably tolling the one-year statute of

limitations." (*Id.* at 5-6.) To ease any potential burden on the Petitioner, the Court attached a

form affirmation to its October 26, 2010 Order. (Dkt. No. 2-1.)

---

[2] On July 21, 2008, Petitioner filed a *pro se* motion collaterally attacking his conviction, pursuant to New York Criminal Procedure Law § 440.10, which was denied by the Kings County Supreme Court by order dated April 14, 2009. (Dkt. No. 11, Exs. 7-11.) Pursuant to Rule 2221 of the New York Civil Practice Law and Rules, Petitioner sought leave to appeal the denial of his § 440.10 motion to the Second Department. The Second Department denied Petitioner leave on September 17, 2009. Petitioner sought reargument, which was denied on January 20, 2010. Petitioner appealed to the Court of Appeals, which, in an order dated April 13, 2010, dismissed Petitioner's application for leave to appeal from the Second Department's motion denying reargument because there was no appealable order. *People v. Price*, 14 N.Y.3d 843, 927 N.E.2d 571 (2010).

On or about November 15, 2010, Petitioner filed an affirmation in response to the Court's October 26, 2010 Order, which states, *inter alia*, that Petitioner has been receiving "mental health treatment and services" throughout his incarceration. Petitioner did not specify the exact nature of the treatment and services he was receiving, although he did note that he received "various prescribed psychiatric medications to treat his 'Auditory Hallucinations'" and has been housed in "various Intensive Care Program … [Satellite] Units."

In an Order dated January 12, 2011, this Court determined that, based on Petitioner's affirmation, there was a possibility that the AEDPA limitations period was equitably tolled. (Dkt. No. 3) The Court, accordingly, declined to issue a *sua sponte* dismissal and ordered the Respondent to respond to Petitioner's § 2254 petition. The Court noted that "[n]othing herein, however, should be read as precluding Respondent from moving to dismiss this action as untimely if, upon further investigation, Respondent believes that there is no ground for equitable tolling." (*Id.* at 2.)

On April 22, 2011, Respondent filed its opposition to Petitioner's § 2254 application. (Dkt. No. 11.) Respondent argues, *inter alia*, that the petition should be denied as time barred. Additionally, by supplemental affidavit dated May 11, 2011, upon receiving Petitioner's permission and the permission of the Court to file certain exhibits under seal, Respondent submitted copies of Petitioner's psychiatric records. (Dkt. No. 12.)

### *Discussion*

As this Court has already explained in its October 26, 2010 Order, a § 2254 petition must be filed within one year of when the conviction became final. In Petitioner's case, his conviction became final on September 12, 2005 – 90 days after the Court of Appeals denied leave to appeal. (Dkt. No. 2 at 5.) Accordingly, Petitioner had one year from that date – or until September 12,

2006 – this file the instant petition. The petition, dated October 8, 2010, was several years too late. Petitioner responds that he was incapacitated by mental health ailments, thereby tolling the statute of limitations.

The Supreme Court has explained that AEDPA's one-year limitations period may be tolled "only if [a petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *see also Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011). "While equitable tolling is warranted only in 'rare and exceptional circumstances,' courts do not apply its requirements mechanistically." *Harper*, 648 F.3d at 136 (citations omitted). "Rather, 'the exercise of a court's equity powers must be made on a case-by-case basis,' mindful 'that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.'" *Id.* (quoting *Holland*, 560 U.S. at 649 (citations and quotation marks omitted)). "Pro se filings, although held to more lenient standards, are not excused from establishing these elements." *Victorial v. Burge*, 477 F. Supp. 2d 652, 654 (S.D.N.Y. 2007) (citing *Valverde v. Stinson*, 224 F.3d 129 (2d Cir. 2000) (applying general equitable tolling principles against pro se litigant)).

As the Second Circuit Court of Appeals has explained, "[t]he term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period" *Harper*, 648 F.3d at 137. Thus, although "medical conditions, whether physical or psychiatric, can manifest extraordinary circumstances," *id.*, "[t]he mere existence of a mental illness is insufficient to toll the statute of limitations," *Coleman v. Arpaio*, 09-CV-5689 (KAM), 2010 WL 1005874, at *2 (E.D.N.Y. Mar. 16, 2010). *See also Bolarinwa v. Williams*, 593 F.3d 226, 231-32 (2d Cir. 2010) (explaining that although

4

"mental illness can equitably toll the AEDPA statute of limitations, ... mental illness does not

toll a filing deadline *per se*; determining whether equitable tolling is warranted in a given

situation is a 'highly case-specific inquiry'") (citation omitted). Rather, "[f]or a mental

impairment to justify equitable tolling ... the party invoking the doctrine must show that 'he was

so incapable of rational thought that he could not appreciate his situation, or lacked the

wherewithal to ascertain that he must take legal steps.'" *Coleman*, 2010 WL 1005874, at *2

(quoting *United States v. Williams*, No. 05 Civ. 8165, 98 CR. 608, 2006 WL 2034642, at *3

(S.D.N.Y. July 19, 2006) (further citation omitted)). Such a petitioner must "demonstrate some

form of incapacitation due to the mental illness that affected his ability to act with due diligence

during the time period at issue." *Victorial*, 477 F. Supp. 2d at 655; *see also Coleman*, 2010 WL

1005874, at *2 ("A petitioner's mental illness may be sufficient for equitable tolling of the

statute of limitations, but only if it rendered the petitioner unable to pursue his legal rights during

the relevant time period.")

Here, based on the evidence submitted by the parties, it is evident that equitable tolling

cannot save Petitioner's time-barred § 2254 application. Petitioner has not met his "burden of

demonstrating the appropriateness of equitable tolling for mental illness" because he has not

offered "a particularized description of how h[is] condition adversely affected h[is] capacity to

function generally or in relationship to the pursuit of h[is] rights." *Bolarinwa*, 593 F.3d at 232

(citation and quotation marks omitted). Petitioner formulaically recites that he has been

"mentally incapaciated [*sic*] since <u>prior to his incarceration</u>" and has been "medicated with

various anti-psychotic drugs." (Price Opp. at 4.) However, he does not offer a particularized

description of how his condition prevented him from filing a timely habeas petition. Indeed, he

admits that during some of his incarceration, he "may have been considered 'functional'[.]" (*Id.*)

Although Petitioner has established that he had some mental health problems during the one-year limitations period, that fact alone does not justify equitable tolling. *Bolarinwa*, 593 F.3d at 232 ("[M]ental illness does not toll a filing deadline *per se.*"). Nor is the limitations period tolled merely because Petitioner was housed in the "Intermediate Care Program" – a special housing unit within the state correctional facility that provides a therapeutic environment for inmates with mental health problems. (Slevin Aff. at 12 ¶ 38); *Harper*, 648 F.3d at 137 ("[H]ospitalization may demonstrate extraordinary circumstances, ... depending on the facts presented."). Indeed, while housed in the Intermediate Care Program, Petitioner filed a *pro se* motion to vacate his judgment of conviction pursuant to New York Criminal Procedure Law § 440.10. He also filed motions to reargue that motion and sought leave to appeal the order denying that motion. Thus, Petitioner's conduct "indicates that he was, to some extent, capable of investigating and pursuing legal avenues." *Rios v. Mazzuca*, 78 F. App'x 742, 745 (2d Cir. 2003) (finding inmate who defended himself in INS removal proceedings, filed a complaint in state court, and made written requests for information was not incapacitated by his mental illness to the degree required to equitably toll the AEDPA limitations period); *Victorial*, 477 F. Supp. 2d at 655 (finding inmate who defended himself at trial, filed two appeals, and instituted the untimely § 2254 petition, was not incapacitated by his mental illness to the degree required to toll he AEDPA limitations period).

Petitioner was required to file his § 2254 petition by September 12, 2006.[3] Given that he was able avail himself of state court collateral review procedures and file the instant, albeit

---

[3] Even if Petitioner's AEDPA limitations period was tolled during the month that Petitioner was housed at the Central New York Psychiatric Center (from November 3, 2005 through December 7, 2005), his petitioner is nevertheless time-barred. *Gomez-Kadawid v. Kirkpatrick*, 08 CIV. 5819 SHSRLE, 2011 WL 2581838, at *4-6 (S.D.N.Y. May 5, 2011) *report and recommendation adopted*, 08 CIV. 5819 SHS, 2011 WL 2581835 (S.D.N.Y. June 29, 2011) (finding the period

untimely, §2254 petition, there is no basis for the AEDPA limitations period to be equitably tolled on account of his mental health problems. Thus, the petition, filed on April 22, 2011, is time barred.

## *Conclusion*

For the forgoing reasons, Price's petition for a writ of habeas corpus is DENIED as time-barred. A certificate of appealability shall not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 112–13 (2d Cir. 2000). The Clerk of the Court is directed to enter judgment denying the petition and closing this case.

**SO ORDERED.**

S/

SANDRA L. TOWNES
United States District Judge

Dated: September **29**, 2014
        Brooklyn, New York

---

that a petitioner was confined to the Central New York Psychiatric Center without his legal documents equitably tolled the AEDPA limitations period).