UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LARME PRICE,

                                    Petitioner,

           v.

WARDEN JAMES J. WALSH,

                                    Respondent.

**MEMORANDUM AND ORDER**

10-CV-4789

---

LaSHANN DeARCY HALL, United States District Judge:

      Petitioner Larme Price, proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus vacating his February 11, 2004 conviction. By memorandum and order dated September 30, 2014, Judge Townes denied the petition as untimely. Five years later, on September 30, 2019, Petitioner moved for reconsideration of Judge Townes' order pursuant to Federal Rule of Civil Procedure 59, arguing that he was unable to timely file his application for habeas relief due to alleged mental health limitations. (*See* Mot. Reconsid. ¶ 6, ECF No. 21.) Although untimely, the Court entertained Petitioner's motion. Nevertheless, by order dated November 17, 2020, this Court denied Petitioner's motion for reconsideration. On January 14, 2021, Petitioner moved to vacate Judge Townes' order denying habeas relief pursuant to Federal Rule of Civil Procedure 60(b)(6). (*See* Mot. Vac., ECF No. 22.)

      Relief under Rule 60(b)(6) is only available in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–778 (2017) (citation omitted). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors[,]" such as "'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Id*. at 778 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–864 (1988).

Here, Petitioner argues that this Court should vacate Judge Townes' September 30, 2014 order denying his habeas petition because he did not receive it and thus was deprived of his right to file a timely appeal of that order. (Mot. Vac. at 3.) Federal Rule of Appellate Procedure 4(a), however, clearly provides that "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion . . . to alter or amend the judgment under Rule 59." Fed. R. App. P. 4(a)(4)(A)(iv). The Supreme Court has instructed that "the disposition of [a Rule 59 motion] restores th[e] finality of the original judgment, thus starting the 30-day appeal clock." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (internal quotation marks and citation omitted). Petitioner had 30-days from the date of this Court's November 17, 2020 denial of Petitioner's motion for reconsideration to raise an appeal, therefore curing any harm that may have resulted from delay in receiving Judge Townes' order. Accordingly, Petitioner's motion to vacate is DENIED.

                                                    SO ORDERED.

Dated: Brooklyn, New York           /s/ LDH
       December 29, 2021              LaSHANN DeARCY HALL
                                    United States District Judge