UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LARME PRICE,

                              Petitioner,

      v.

WARDEN JAMES J. WALSH,

                              Respondent.

**MEMORANDUM AND ORDER**

10-CV-4789

---

LaSHANN DeARCY HALL, United States District Judge:

      Petitioner Larme Price, proceeding pro se, brought a petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus vacating his February 11, 2004 conviction. By memorandum and order dated September 30, 2014, Judge Townes denied the petition as untimely. Five years later, on September 30, 2019, Petitioner moved pursuant to Federal Rule of Civil Procedure 59 for reconsideration of Judge Townes's order, arguing that he was unable to timely file his application for habeas relief due to alleged mental health limitations. (*See* Mot. Reconsid. ECF No. 21, ¶ 6.) Although untimely, the Court entertained Petitioner's motion for reconsideration and denied it by order dated November 17, 2020. On January 14, 2021, Petitioner moved pursuant to Federal Rule of Civil Procedure 60(b)(6) to vacate Judge Townes's order denying habeas relief, arguing that he was deprived of his right to file a timely appeal because he did not receive the order. (*See* Mot. Vac., ECF No. 22.) On December 29, 2021, the Court denied Petitioner's motion to vacate, reasoning that Petitioner's November 17, 2020 motion for reconsideration effected an extension of time to appeal Judge Townes's decision, which cured any harm that may have resulted from delay in receiving the order. (*See* Memorandum & Order at 2, ECF No. 24.) Petitioner appealed the Court's December 29, 2021 ruling, which the Second

1

Circuit dismissed on August 17, 2022. Plaintiff has now filed a second Rule 60(b) motion to set aside Judge Townes's order denying his habeas petition.

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Relief under Rule 60(b)(6) is only available in "extraordinary circumstances." *Buck v. Davis*, 580 U.S. 100, 123 (2017) (citation omitted). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors[,]" such as "'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Id.* (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988). However, a Rule 60(b) motion may not be used as a means to "relitigate the merits" of the case. *Mastini v. Am. Tel. & Tel. Co.*, 369 F.2d 378, 379 (2d Cir. 1966). To be properly considered a Rule 60(b)(6) motion must be submitted "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

As an initial matter, Petitioner's latest collateral attack on the Court's orders denying his petition for a writ of habeas corpus is yet again untimely. The Court denied Petitioner's motion to vacate Judge Townes's order on December 29, 2021. However, Petitioner did not file the instant motion for reconsideration of that denial until September 19, 2023, eighteen months later. "[A] court is more likely to find a motion untimely when the petitioner has waited more than one year to file the motion." *Murph v. United States*, No. 13-CV-2594 (JMA), 2020 WL 5577731, at *3 (E.D.N.Y. Sept. 17, 2020) (collecting cases). And, the Second Circuit has found an eighteen-month delay unreasonable under Rule 60(b)(c). *See Alston v. Quik Park Garage Corp.*, 205 F.3d 1321 (2d Cir. 2000) (holding that the plaintiffs' request to reopen the judgment about 18 months

2

after the case had been closed was untimely under Rule 60(b)(6)); *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 76–77 (2d Cir. 1995) (deeming a Rule 60(b)(6) motion filed 18 months after entry of judgment to be untimely). Petitioner offers no excuse for his untimeliness, and his bare assertion that his motion for reconsideration is timely simply because Rule 60(b)(6) motions must be filed "within a reasonable time" will not cure this defect.

Even if the Court were to consider Petitioner's argument for reconsideration, it is unavailing. Petitioner argues that his "severe mental illness prevented him from filing a timely habeas petition" and that the Court should hold an evidentiary hearing on the issue. (Mot. for Reconsid., ECF No. 29, ¶ 1.) This is the same argument that Petitioner raised in his first motion for reconsideration of Judge Townes's order denying his habeas petition pursuant to Federal Rule of Civil Procedure 59. (*See* Mot. Reconsid. ¶ 6.) However, he has not demonstrated an intervening change of controlling law, the availability of new evidence not previously available, or the need to correct clear error or prevent manifest injustice. *See Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71, 75 (2d Cir. 2016) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked") (citation omitted).

The only intervening law Petitioner raises in his motion for reconsideration is a non-binding decision from the Fourth Circuit. In *Justus v. Clarke*, the Fourth Circuit held that a habeas petitioner's serious mental illness may constitute an "extraordinary circumstance" justifying relief under Rule 60(b)(6). 78 F.4th 97, 117 (4th Cir. 2023). The petitioner in that case provided "extensive evidence" of his mental illness, including that he was twice found incompetent to stand trial and treatment records stating that a feature of his mental illness was that "he will frequently reject treatment." *Id.* at 115. Accordingly, the *Justus* court found that

3

the petitioner may have lacked the capacity to file a timely habeas petition during those periods of noncompliance. *Id.* at 115–16.

Here, although Petitioner has presented some evidence indicating that he suffers from mental illness, he has not offered any evidence akin to that found in *Justus* and which might support his argument that his condition prevented him from filing a timely habeas petition. Instead, Petitioner contends that "from March 12, 2004 to present" he has been housed in several different facilities, including the Downstate Correctional Facility, the Sullivan Correctional Facility Segregated Housing Unit, and the Sullivan Intensive Care Program. (Mot. for Reconsid. ¶ 2.) Plaintiff further maintains that he relied on an inexperienced prison law library clerk to file his petition. (*Id.* ¶ 3.) However, Petitioner has failed to allege any connection between his treatment for mental illness and his inability to timely file his habeas petition. *See, e.g.*, *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010) (holding that a mental impairment may constitute an extraordinary circumstance where the petitioner's "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing" or "rationally or factually to personally understand the need to timely file"). And, the mere fact of Petitioner's confinement in mental health facilities does not on its own excuse his failure file a timely petition. *See Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) ("[Petitioner's] bare assertions that the conditions of his confinement prevented him from filing his motion earlier are insufficient to excuse the delay."). Accordingly, Petitioner's motion for reconsideration is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
   September 30, 2024  LaSHANN DeARCY HALL
                 United States District Judge

4